IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN LAMONT WINN,

    Petitioner,                    No. 2:08-cv-1865-JAM JFM (HC)

   vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS,

    Respondents.              ORDER
_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is filed on the form used by the Northern District of California. On July 30, 2008, petitioner was advised that he must file an application to proceed in forma pauperis or pay the filing fee within thirty days. On August 11, 2008, the action was transferred to the Eastern District. On August 22, 2008, petitioner filed a request to proceed in forma pauperis along with a certified trust account statement.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

        Petitioner challenges his February 13, 2007 conviction.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

Petitioner raises three grounds for relief: "washed out prison prior used after 5 years agreement; the judge was prejudiced on verdict of jury; and dismissed prior allegations."

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1  (Pet. at 4.)  Petitioner acknowledges that these claims were not raised in the California Supreme

2  Court.

3  After reviewing the record in this action, the court finds that petitioner has failed

4  to exhaust state court remedies as to all three claims raised herein.  Accordingly, the petition

5  contains only unexhausted claims and must be dismissed.  However, petitioner previously

6  exhausted two other claims in the California Supreme Court.[2]  Good cause appearing, petitioner

7  will be granted thirty days to file an amended petition raising only exhausted claims.[3]

8  In accordance with the above, IT IS HEREBY ORDERED that:

9  1. Petitioner's request to proceed in forma pauperis is granted;

10  2. Petitioner's petition for a writ of habeas corpus is dismissed.

11  3. Petitioner is granted thirty days from the date of this order to file an amended

12  petition raising only exhausted claims.  Failure to comply with this order will result in a

13  recommendation that this action be dismissed without prejudice.

14  DATED:  August 28, 2008.

15

16  UNITED STATES MAGISTRATE JUDGE

17

18  /001; winn1865.103

---

[2] "Violation of due process of Law & the 6th and 14th Amendments Right to a Jury Trial that a possession of a controlled substance is a lesser included offense of transportation for personal use." (Petition at 3.)

[3] Petitioner is cautioned that if he chooses to proceed on an amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court.  See McCleskey v. Zant, 499 U.S. 467 (1991); see also Rose, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.
Petitioner is further cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

3