IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN LAMONT WINN,<br><br>     Petitioner,<br><br>  vs.<br><br>MATTHEW CATE, Secretary, California Department of Corrections and Rehabilitation,<br><br>     Respondent. | No. 2:08-cv-01895-JWS<br><br>MEMORANDUM DECISION |

  Petitioner John Lamont Winn, a state parolee appearing *pro se*, has filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Winn is currently in the custody of the California Department of Corrections and Rehabilitation. Respondent has answered, and Winn has replied.

## I. BACKGROUND/PRIOR PROCEEDINGS

  Following a jury trial, Winn was found guilty of simple possession and transportation of a controlled substance (methamphetamine) (Cal. Health & Safety Code §§ 11377, 11379(a)), but not guilty of possession for sale in the Solano County Superior Court. The trial court denied probation and sentenced Winn to six years in state prison on the transportation conviction, with punishment stayed on the conviction for possession under Cal. Penal Code § 654. Winn timely appealed his conviction and sentence to the California Court of Appeal, First Appellate District, which affirmed his conviction and sentence in an unpublished reasoned decision,[1] and the California Supreme Court summarily denied review without comment or citation to authority on April 30, 2008. Winn timely filed his petition for relief in the Northen District of California on May 21, 2008. The Northern District transferred the case to this court, and Winn filed his amended petition herein on September 7, 2008.

---

[1] *People v. Winn*, 2008 WL 501532 (Cal. App. February 26, 2008).

## II. GROUNDS RAISED/DEFENSES

In his petition, Winn raises three grounds for relief: (1) his conviction for simple possession should be stricken because it is necessarily a lesser included offense of the transportation conviction; (2) in sentencing, the trial court erred in not following the jury's finding that he was not guilty of possession of methamphetamine for sale, thereby finding him ineligible for probation; and (3) the trial court erred in not submitting the issue of possession for personal use versus possession for sale as a special interrogatory to the jury.  Respondent asserts no affirmative defense.[2]

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[3]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[4]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[5]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[6]  When a claim falls under the

---

[2] *See* Rules—Section 2254 Cases, Rule 5(b).

[3] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404–06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[4] *Williams*, 529 U.S. at 412.

[5] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[6] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678–79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753–54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for

"unreasonable application" prong, a state court's application of Supreme Court precedent must be objectively unreasonable, not just incorrect or erroneous.[7] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[8] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[9] In a federal habeas proceeding, the standard under which this court must assess the prejudicial impact of constitutional error in a state court criminal trial is whether the error had a substantial and injurious effect or influence in determining the outcome.[10] Because state court judgments of conviction and sentence carry a presumption of finality and legality, the petitioner has the burden of showing by a preponderance of the evidence that he or she merits habeas relief.[11]

In applying this standard, this Court reviews the last reasoned decision by the state court,[12] which in this case was that of the California Court of Appeal. Under AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[13] This presumption applies to state trial courts and appellate courts alike.[14]

---

purposes of § 2254(d)(1), the latter are not).

[7] *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal quotation marks and citations omitted).

[8] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[9] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

[10] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[11] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[12] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[13] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[14] *Stevenson v. Lewis*, 384 F.3d 1069, 1072 (9th Cir. 2004).

To the extent that Winn raises an issue of the proper application of state law, it is beyond the purview of this court in a federal habeas proceeding. It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[15] A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[16] A federal court errs if it interprets a state legal doctrine in a manner that directly conflicts with the state supreme court's interpretation of the law.[17] A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.[18] This is especially true where the highest court in the state has denied review of the lower court's decision.[19]

A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process.[20] Nor may a federal court issue a habeas writ based upon a perceived error of state law, unless the error is sufficiently egregious to amount to a denial of due process under the Fourteenth Amendment.[21] "[A]bsent a specific constitutional violation, federal habeas

---

[15] *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law).

[16] *Bradshaw v. Richey,* 546 U.S. 74, 76, (2005); *see West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law. . . .").

[17] *See Bradshaw*, 546 U.S. at 76–78 ("Because the Sixth Circuit disregarded the Ohio Supreme Court's authoritative interpretation of Ohio law, its ruling on sufficiency of the evidence was erroneous.").

[18] *See Hicks v. Feiock,* 485 U.S. 624, 629–30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[19] *Id.*; *see West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (same).

[20] *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

[21] *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[22]  "'Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.'"[23]

## IV.  DISCUSSION

<u>Ground 1:  Conviction of Simple Possession</u>.

In his first ground, Winn argues that possession of a controlled substance is incidental to and a necessary part of its transportation; therefore, Winn contends that he should not have been convicted of both the transportation and the possession of methamphetamine.  The California Court of Appeal rejected Winn's arguments, holding:

> [Winn] argues his conviction for possession of methamphetamine must be reversed because the crime of possession was necessarily included in his conviction for the crime of transportation of methamphetamine.  California law generally permits multiple convictions, but not multiple punishments, for crimes arising out of the same act or course of conduct.  But multiple convictions based on a necessarily included offense are not allowed when the statutory elements of the lesser included offense are part of a greater crime.  (*People v. Reed* (2006) 38 Cal.4th 1224, 1226-1227.)  In adopting the statutory elements rule of *Reed,* our Supreme Court rejected an analysis that turned on the nature of the accusatory pleading.  "'[O]nly a statutorily lesser included offense is subject to the bar against multiple convictions in the same proceeding.  An offense that may be a lesser included offense because of the specific nature of the accusatory pleading is not subject to the same bar.'"  (*Id*. at p. 1229.)
>
> "Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former."  (*People v. Reed, supra,* 38 Cal.4th at p. 1227.)  When it comes to analysis of the statutory elements, our Supreme Court has already concluded that "possession of [drugs] is not a necessary element of the offense of transportation."  (*People v. Rogers* (1971) 5 Cal.3d 129, 131 [defendant's acquittal on possession charge did not necessarily preclude his conviction for transportation of marijuana].)  In *Rogers* the court explained:  "Although possession is commonly a circumstance tending to prove transportation, it is not

---

[22] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

[23] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

an essential element of that offense and one may 'transport' marijuana or other drugs even though they are in the exclusive possession of another. [Fn. omitted.]" (*Id.* at p. 134.) FN3  Accordingly, the application of the statutory elements test as articulated in *Reed* leads to the conclusion, under *Rogers,* that [Winn's] conviction of possession of methamphetamine is not a lesser included offense to his conviction for transportation of methamphetamine.

> FN3.  [Winn] argues that "the Supreme Court's decision in Rogers, . . . was incorrect," but acknowledges we are duty bound to follow our Supreme Court's decision.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

[Winn] argues that a footnote in *Rogers* creates an exception to the rule that should control in this case.  There the court observed that "[i]n cases where defendant's possession is incidental to, and a necessary part of, the transportation charged, and no prior, different or subsequent possession is shown, the offense of possession is deemed to be necessarily included in the offense of transportation, and defendant may not be convicted of both charges."  (*People v. Rogers, supra,* 5 Cal.3d at p. 134, fn. 3.)  But more recent cases reject this argument.  (See *People v. Watterson* (1991) 234 Cal.App.3d 942, 947 [fn. 3 of *Rogers* disregarded because it was dicta]; FN4 *People v. Thomas* (1991) 231 Cal.App.3d 299, 305 ["By definition possession is not an essential element of transportation because the latter offense can be committed without also committing possession"].)

> FN4. The *Watterson* court also noted that the cases cited in footnote 3 of *Rogers* were themselves inconsistent, and they in turn cited earlier cases that "[did] not unanimously support this conclusion."  (*People v. Watterson, supra,* 234 Cal.App.3d at pp. 945-946.)

Moreover, in *Reed* our Supreme Court stated that "[t]he continuing validity of the rule stated in [the older cases mentioned in footnote 3 of *Rogers*] is dubious in light of more recent events [citing *Watterson* and *Thomas* ]."  ( *People v. Reed, supra,* 38 Cal.4th at p. 1228, fn. 2; see also *People v. Murphy* (2007) 154 Cal.App.4th 979, 983-984 ["[u]nlike the former test, the current test of a necessarily included offense does not encompass an offense in which the *facts* established by the evidence at trial make it impossible to commit one offense without also committing another,"]; *People v. Thomas, supra,* 231 Cal.App.3d at pp. 305-306 [rejecting defendant's attempt to expand the "'necessarily included' definition to encompass cases in which the *facts* make it impossible to commit one offense without also committing another"].)  [Winn] was properly convicted of both possession and transportation of methamphetamine, because the former offense is not necessarily included in the latter under the statutory elements test articulated in *Reed.*  (*People v. Reed, supra,* at pp. 1228-1229 & fn. 2; *People v. Rogers, supra,* 5 Cal.3d at p. 134; *People v. Watterson, supra,* 234 Cal.App.3d at p. 947; *People v.. Thomas, supra,* at p. 305.)[24]

---

[24] *Winn*, 2008 WL 501532 at *2-3.

Under *Blockburger* the Double Jeopardy Clause is implicated when a criminal defendant is convicted of two different statutory prohibitions and both statutes prohibit the same conduct or one is a necessarily included offense of the other.[25]  For double jeopardy purposes, "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[26]

In this case, the California Court of Appeal, applying the same test as required in *Blockburger*, found that, under California law, while a conviction of possessing a controlled substance required a finding of possession, a conviction of transportation of a controlled substance did not.  Winn's arguments that this misconstrues California law notwithsdtanding, this court is bound by that interpretation and application of state law.  On the record before it, this court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[27]  Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Winn's case within the scope of *Andrade-Williams-Schriro*.  Winn is not entitled to relief on his first ground.

<u>Ground 2:  Possession of Drugs for Sale</u>.

---

[25] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

[26] *Id*.

[27] 28 U.S.C. § 2254(d).

The jury acquitted Winn of the charge of possession of methamphetamine with intent to sell. In imposing sentence, the trial court, finding by a preponderance of the evidence that Winn had possessed the methamphetamine, denied Winn probation. Winn argues that the finding of the jury that he was not guilty of possession for sale was binding on the trial court and that the court's contrary finding on the preponderance of the evidence violated *Blakely-Apprendi*.[28] The California Court of Appeal, in rejecting Winn's arguments, held:

> The Substance Abuse and Crime Prevention Act of 2000, enacted by the voters in Proposition 36, added sections 1210 and 1210.1 to the Penal Code. (*People v. Glasper* (2003) 113 Cal.App.4th 1104, 1112 .) Section 1210.1, subdivision (a) provides, in relevant part, that "any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program." Section 1210, subdivision (a), defines the term "'nonviolent drug possession offense'" to mean "the unlawful personal use, possession for personal use, or transportation for personal use of any controlled substance. . . . The term 'nonviolent drug possession offense' does not include the possession for sale . . . of any controlled substance. . . ."
> 
> [Winn] argues that he was entitled to receive probation under section 1210.1 because the jury found him not guilty of possessing methamphetamine for sale, and instead convicted him of simple possession of methamphetamine. But at sentencing the trial court found, by a preponderance of the evidence, that [Winn] did possess the drugs for sale and concluded he was therefore ineligible for probation under section 1210.1.FN5
> 
>> FN5. The court also noted [Winn's] past failure on Proposition 36 probation, and stated that even if [Winn] were statutorily eligible, the court would not impose probation for the reasons stated in the probation report. In his sentencing memorandum, [Winn] admitted seven prior drug-related offenses, additional convictions for theft-related offenses, and two state prison terms.
> 
> [Winn] argues the jury's implicit finding that he did not possess the methamphetamine for sale was binding on the trial court through the doctrine of collateral estoppel. But [Winn] failed to argue collateral estoppel in the trial court and the issue is therefore waived.FN6 (*People v. Neely* (1999) 70 Cal.App.4th 767, 782-783.) But even if it were not, case law holds "the acquittal on the charge of possession for sale did not bind the trial court. The acquittal simply

---

[28] *Blakely v. Washington*, 542 U.S. 296 (2005); *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

meant the jury was not convinced beyond a reasonable doubt that the possession was for sale . . . the trial court was free to redetermine the personal use issue based on the preponderance of the evidence." (*People v. Dove* (2004) 124 Cal.App.4th 1, 11; see also *United States v. Watts* (1997) 519 U.S. 148, 157 ["a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence"].) The trial court's determination that defendant possessed the methamphetamine for sale was supported by substantial evidence. The digital scale found in [Winn's] car, the denominations and amount of currency found on his person, the text message found on [Winn's] cell phone that was "consistent with sales of narcotics," and the lack of user paraphernalia found when [Winn] was arrested all pointed to his possession of methamphetamine for sale.

> FN6. In fact, [Winn's] sentencing memorandum conceded: "The defense does not dispute that this court has the authority to make a finding of the purpose of the transportation, notwithstanding a jury's verdict to the contrary."

[Winn] also relies upon *Apprendi v. New Jersey* (2000) 530 U.S. 466 and its progeny to argue the jury was required to find the facts which determined his eligibility for Proposition 36 probation. A similar argument was considered and rejected in *Dove* where the court followed case law that holds a trial court's finding that a defendant is ineligible for Proposition 36 sentencing does not increase the criminal penalty beyond the statutory maximum, and therefore does not implicate *Apprendi*. (*People v. Dove, supra,* 124 Cal.App.4th at pp. 8-9, citing *People v. Barasa* (2002) 103 Cal.App.4th 287, 294. * * * Like the court in *People v. Dove, supra,* at page 9, we follow *Varnell's* holding and conclude that a trial court's finding under section 1210.1 that a defendant is ineligible for probation does not increase the penalty beyond the statutory maximum. (*In re Varnell, supra,* at pp. 1141-1142.)

[Winn] argues that *Dove, Glasper,* and *Barasa* were incorrectly decided. Defendant contends "whether a defendant possessed narcotics for personal use is a factual question," the resolution of which determines whether he will be sentenced to probation or will be eligible for state prison. [Winn] argues that under *United States v. Booker* (2005) 543 U.S. 220, "determination of a factual question having mandatory impact on the sentence had to be determined by the jury." In this light, [Winn] reasons that "[b]ecause a grant of probation is mandatory under section 1210.1, the maximum punishment for any defendant convicted of possession or transportation of narcotics is probation. It is only when the additional factual finding is made the defendant possessed the narcotics for some purpose other than personal use [that] the defendant become[s] eligible for a state prison sentence."

While under Proposition 36 probation is mandatory for those convicted of nonviolent drug possession offenses, the jury's verdict did not establish that

> [Winn] committed his offenses for "personal use" as that term is defined in section 1210. [Winn] was thus not entitled to probation based solely on the jury's verdict. Moreover, imprisonment does not exceed the maximum punishment under Proposition 36, because "when a defendant is ineligible [for Proposition 36 treatment], a prison sentence is equally mandatory." (*People v. Dove, supra,* 124 Cal.App.4th at p. 10.)
>
> To obtain the benefits of Proposition 36, [Winn] "has the burden of proving that the possession or transportation was for personal use." (*People v. Dove, supra,* 124 Cal.App.4th at p. 10; see also *People v. Glasper, supra,* 113 Cal.App.4th at pp. 1115-1116; *People v. Barasa, supra,* 103 Cal.App.4th at pp. 295-296.) Here, the trial court concluded [Winn] did not meet his burden and the court's finding that defendant possessed methamphetamine for sale is supported by substantial evidence. (See *People v. Dove, supra,* at p. 10.)[29]

In his traverse, Winn further argues that his position is supported by *Booker*[30] and *Cunningham*.[31] Neither case assists Winn. *Booker* simply reaffirmed the holdings in *Apprendi* and *Blakely* that any fact that increased the sentence beyond the statutory maximum must be based upon facts found to be true by the jury.[32] *Cunningham* held that the presumptive maximum sentence under the California Determinate Sentence law was the mid-term.[33] The holdings of *Booker* and *Cunningham* are factually inapplicable to this case. Nothing in *Apprendi-Blakely-Booker-Cunningham* undermines the holding of the Supreme Court in *Watts* that a sentencing court may consider conduct of which defendant has been acquitted, so long as that conduct has been proved by a preponderance of evidence.[34]

---

[29] *Winn*, 2008 WL 501532 at *3-4.

[30] *United States v. Booker*, 543 U.S. 220 (2005).

[31] *Cunningham v. California*, 549 U.S. 270 (2007).

[32] *Booker*, 543 U.S. at 245.

[33] *Cunningham*, 549 U.S. at 293.

[34] *United States v. Watts*, 519 U.S. 148, 157 (1997) (per curiam); *see Booker*, 543 U.S. at 251 (citing *Watts*, noted "that a sentencing judge could rely for sentencing purposes upon a fact that a jury had found *unproved* (beyond a reasonable doubt)," (emphasis in the original)).

In this case, the California Court of Appeal held that, under California law, Winn had the burden of establishing entitlement to probation. As noted above, this court is bound by that determination of state law. Consequently, on the record before it and applying the most relevant Supreme Court decision, this court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[35] Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of Winn's case within the scope of *Andrade-Williams-Schriro*. Winn is not entitled to relief on his second ground.

Ground 3:  Failure to Submit Issue of Possession for Personal Use/Sale to Jury.

Winn requested that the trial court submit as a separate question to the jury for determination whether Winn possessed the methamphetamine for personal use or for sale. The trial court denied Winn's request. Winn argues that he was entitled to the instruction under the Sixth Amendment right to a jury trial. The California Court of Appeal rejected Winn's position, holding:

> [Winn] argues the trial court erred when it refused defense counsel's request to have the jury make a special finding of fact regarding whether defendant transported the methamphetamine for personal use or for sale. He argues *Apprendi* and its progeny required the jury to determine the facts which would determine whether [Winn] was eligible for Proposition 36 probation.FN7  But we have explained above why *Apprendi* does not apply to such a determination, and have rejected [Winn's] argument that the court erred when it determined the

---

[35] 28 U.S.C. § 2254(d).

personal use issue based on the preponderance of the evidence.  (See *People v. Dove, supra,* 124 Cal.App.4th at p. 11.)[36]

> FN7. The court explained that "in light of the defense request for a specific finding, it is my opinion from the jury's perspective that if they find that he was in simple possession and not possession for purposes of sale, then they would be concluding that the possession was [for] personal use and the transportation was for personal use because of their finding as to Count 2.  But that's without prejudice, then, to the People arguing that it doesn't matter what the jury found in that regard, if it is truly an issue for the Court to decide."  Defense counsel agreed she could "live with that [ruling]."

This court, like the California Court of Appeal, having found that the trial court did not violate *Apprendi* or its progeny in denying Winn probation, likewise finds that the trial court did not err in denying Winn's request for a special finding on the question of the nature of his possession, personal use or for sale.  Under the California Court of Appeal's analysis of California law, an express finding that Winn had not possessed the methamphetamine would have been no more binding on the trial court in determining his eligibility for probation than was the finding implied by the not guilty verdict on the possession for sale charge.  Winn is not entitled to relief on  his third ground.

---

[36] *Winn*, 2008 WL 501532 at *5.

## V.  CONCLUSION AND ORDER

Winn is not entitled to relief on any grounds raised in the petition.  Accordingly,

**IT IS ORDERED** that the Petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that the court declines to issue a Certificate of Appealability.[37]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[38]

The Clerk of the Court will please enter final judgment accordingly.

Dated:  April 19, 2010.

/s/ John W. Sedwick
United States District Judge

---

[37] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks and citations omitted).

[38] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.